# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

ANDREW McKEVITZ, )
                                    )
    Plaintiff, )
                                    )
v. )   Case No. _____
                                    )
SILVER CITY RESOURCES, INC. )   JURY DEMAND
                                    )
    Defendant. )

## COMPLAINT

COMES NOW, Andrew McKevitz, through counsel, to file this complaint, and states as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff Andrew McKevitz was at all times mentioned herein a citizen and resident of Maryville, Blount County, Tennessee.

2. Defendant Silver City Resources Inc. is a company incorporated in Nevada, with its principle place of business and headquarters at 2950 S. Rancho Drive, Suite 204, Las Vegas Nevada 89102. Its registered agent for service of process is Registered Agent: Terri L. Monteith, 6370 W. Flamingo Road, Suite 5M, Las Vegas, Nevada 89103. Silver City Resources Inc. is not registered to do business in the state of Tennessee.

1

3. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 in that this actions arises under a United States federal statute, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"). The TCPA specifically authorizes this Court to exercise jurisdiction.

4. This Court has personal jurisdiction and venue over the Defendant because Defendant transacted business within this judicial district, having made contacts within this judicial district, and/or have committed tortious acts within this judicial district.

## Facts

5. Plaintiff Andrew McKevitz ("McKevitz") brings this Complaint for damages relating to violations of the Telephone Consumer Protection Act, 47 U.S.C § 227 *et seq.*, ("TCPA"), resulting from illegal actions of the Defendant, in negligently, and/or willfully contacting Plaintiff through "robocalls" (calls using an automatic telephone-dialing system without prior express consent) and/or other means.

6. Silver City Resources Inc. ("Silver City") engaged in telemarketing utilizing robocalls and other forms of telephone solicitation that violated Mr. McKevitz's privacy rights pursuant to the TCPA.

2

## Violations of Telephone Consumer Protection Act based on Robocalls

7. Defendant deliberately decided to engage in bulk marketing by using an automatic telephone-dialing system to place robocalls to potential customers.

8. Unlike standard advertising methods, bulk advertising by use of robocalls cost recipients money, because cellular telephone users typically pay for their cell phone service.

9. Over the course of an extended period beginning no later than May of 2014, Defendant and its agents directed a mass transmission of robocalls to cell phones of persons they hoped were potential customers of Defendant' services.

10. On or about May 20, 2014, Mr. McKevitz received an unsolicited robocall from Defendant to his wireless telephone in Tennessee. Mr. McKevitz has previously registered his cellular telephone number ending in -5310 on the National Do-Not-Call List in order to eliminate telemarketing calls.

11. Mr. McKevitz received six (6) additional calls from Defendant and/or its agents on February 6, 2015, April 22, 2015, October 2, 2015, July 6, 2016, March 2, 2017 and October 2, 2017.

12. Plaintiff provided no consent to receive these calls, which were made by Defendant in an effort to promote its business.

3

13. The unsolicited phone calls were placed to Mr. McKevitz's cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

14. "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

15. "The term 'telephone soliciation' means the initiation of a telephone call or message for the purpose of encouraging the or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227(a)(4).

16. The telephone numbers to which the Defendant, or its agents, placed the robocalls were assigned to cellular telephone services pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

17. Mr. McKevitz did not provide the Defendant or its agents express consent to receive unsolicited robocalls pursuant to 47 U.S.C. § 227(b)(1)(B).

18. The calls by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

19. Each such robocall was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or a system that otherwise qualified as an automatic telephone dialing system under the TCPA. By using such equipment, Defendant were able to effectively place thousands of robocalls to thousands of wireless phone numbers of consumers without human intervention. These calls were made without prior consent of Mr. McKevitz.

20. The foregoing acts and omissions of Defendant and its agents violated 47 U.S.C. § 227 *et seq.*

21. As a result of the violations of 47 U.S.C. § 227 *et seq.*, Mr. McKevitz is entitled to an award of $500.00 in statutory damages for each violation pursuant to 47 U.S.C. § 227(b)(3)(B).

22. Upon information and belief, Defendant' violations of TCPA were willful and/or knowing. Accordingly, should the Court find that the violations were willful rather than negligent, Mr. McKevitz is entitled to have the award increased to an amount not more than three (3) times the $500.00

liquidated damages amount, or $1,500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B and C).

## Violations of Telephone Consumer Protection Act based on Subscriber Privacy Rights

23. TCPA provides additional statutory damages based upon subscriber privacy rights pursuant to 47 U.S.C. § 227(c).

24. During the early 1990's, Congress passed the TCPA that set up a national database to list telephone numbers that did not want to receive solicitation calls pursuant to 47 U.S.C. § 227(c)(3). As discussed *supra*, Mr. McKevitz registered his cell number on the National Do-Not-Call list years before he received the first solicitation call from the Defendant.

25. Defendant ignored the readily available National Do-Not-Call list and proceeded to solicit Mr. McKevitz on 7 separate occasions.

26. The recipient of a telemarketing call, regardless of the call being a robocall or placed an actual person, has a private right of action when more than one telephone solicitation occurs within any 12-month period pursuant to 47 U.S.C. 227(c)(5). This action is independent of the abovementioned auto-dialer and provides additional damages.

6

27. Here, the Defendant, or its agents, initiated telephone solicitation on 7 separate occasions from May 20, 2014 to October 2, 2017. The time between the numerous solicitations was less than 12 months. Therefore, Defendant violated the Act on 7 separate occasions.

28. A defense to this particular private right of action is for the telemarketer to establish and implement, "with due care, reasonable practices and procedures to effectively prevent telephone solicitations" pursuant to 47 U.S.C. 227(c)(5)(C). Typically, reasonable practices include the solicitor developing its own do-not-call list for the robocall equipment and the live callers.

29. Mr. McKevitz, personally and through counsel, asked the Defendant on several occasions, without success, to provide documentation of their telephone solicitation practices and procedures.

30. The damages are $500.00 for each illegal call pursuant to 47 U.S.C. 227(c)(5)(B). The court may treble the damages up to $1,500.00 for willful and knowing violations which, in light of the abovementioned, the Defendant are certainly performing willful and knowing violations of Mr. McKevitz's privacy rights. Therefore, the Court should treble the damages for each illegal solicitation pursuant to 47 U.S.C. 227(c)(5)(C).

PREMISES CONSIDERED, Plaintiff Andrew McKevitz demands this Honorable Court to award:

31. Damages of $10,500.00 based upon use of an automatic telephone dialing system.
32. Damages of $10,500.00 based upon violations of subscriber privacy rights.
33. Damages for all violations total $21,000.00.
34. Pre-judgment and post-judgment interest.
35. Court costs and other litigation expenses.
36. Plaintiff request further and general relief in law and equity that the Court deems appropriate.

Respectfully submitted this 26th day of March, 2018.

*Stephen H. Byrd*
Stephen H. Byrd (BPR #030014)
9051 Executive Park Drive, Suite 200
Knoxville, TN 37923
865-250-1968
BunkyByrd@gmail.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| | |
|---|---|
| Andrew McKevitz <br><br> *Plaintiff(s)* <br> v. <br> Silver City Resources, Inc. <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Terri L. Monteith, Registered Agent
6370 W. Flamingo Road, Suite 5M
Las Vegas, Nevada 89103

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Stephen H. Byrd, Attorney at Law
9051 Executive Park Drive, Suite 200
Knoxville, Tennessee 37923

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                         *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Silver City Resources, Inc.
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

Stephen H. Byrd, Plaintiff's Attorney
*Printed name and title*

9051 Executive Park Drive
Suite 200
Knoxville, Tennessee 37923
*Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Andrew McKevitz

**DEFENDANTS**
Silver City Resources, Inc.

(b) County of Residence of First Listed Plaintiff: Blount
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Cooke County, NV
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen H. Byrd, 865-250-1968
9051 Executive Park Drive, Suite 200, Knox, TN 37923

Attorneys *(If Known)*
James H. Snyder, 865-981-4966
345 South Hall Road
Alcoa, Tennessee 37701

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation / ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters / ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
47 U.S.C. 227
Brief description of cause:
Violations of Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 21,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 03/26/2018
SIGNATURE OF ATTORNEY OF RECORD: *Stephen H Byrd*

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____