# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| ANDREW McKEVITZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:18-cv-00132 |
| SILVER CITY RESOURCES, INC. | ) JURY DEMAND |
| Defendant. | ) |

## AMENDED COMPLAINT

COMES NOW, Andrew McKevitz, through counsel, to file this complaint, and states as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff Andrew McKevitz was at all times mentioned herein a citizen and resident of Maryville, Blount County, Tennessee.

2. Defendant Silver City Resources Inc. is a company incorporated in Nevada, with its principle place of business and headquarters at 2950 S. Rancho Drive, Suite 204, Las Vegas Nevada 89102. Its registered agent for service of process is Registered Agent: Terri L. Monteith, 6370 W. Flamingo Road, Suite 5M, Las Vegas, Nevada 89103. Silver City Resources Inc. is not registered to do business in the state of Tennessee.

1

3. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 in that this actions arises under a United States federal statute, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"). The TCPA specifically authorizes this Court to exercise jurisdiction.

4. This Court has personal jurisdiction and venue over the Defendant because Defendant transacted business within this judicial district, having made contacts within this judicial district, and/or have committed tortious acts within this judicial district.

**Facts**

5. Plaintiff Andrew McKevitz ("McKevitz") brings this Complaint for damages relating to violations of the Telephone Consumer Protection Act, 47 U.S.C § 227 *et seq.*, ("TCPA"), resulting from illegal actions of the Defendant, in negligently and/or willfully contacting Plaintiff through "robocalls" (calls using an automatic telephone-dialing system without prior express consent) and negligently and/or willfully contacting Plaintiff by means that violate of TCPA Subscriber Privacy Rights.

6. Silver City Resources Inc. ("Silver City") engaged in telemarketing utilizing robocalls and/or other forms of telephone solicitation that violated Mr. McKevitz's privacy rights pursuant to the TCPA.

2

## Violations of Telephone Consumer Protection Act based on Robocalls

7. Defendant deliberately decided to engage in bulk marketing by using an automatic telephone-dialing system to place robocalls to potential customers.

8. Unlike standard advertising methods, bulk advertising by use of robocalls cost recipients money, because cellular telephone users typically pay for their cell phone service.

9. Over the course of an extended period beginning no later than May of 2014, Defendant and its agents directed a mass transmission of robocalls to cell phones of persons they hoped were potential customers of Defendant' services.

10. On or about May 20, 2014, Mr. McKevitz received an unsolicited robocall from Defendant to his wireless telephone in Tennessee. Mr. McKevitz has previously registered his cellular telephone number ending in -5310 on the National Do-Not-Call List in order to eliminate telemarketing calls.

11. Mr. McKevitz received six (6) additional calls from Defendant and/or its agents on February 6, 2015, April 22, 2015, October 2, 2015, July 6, 2016, March 2, 2017 and October 2, 2017.

12. Plaintiff provided no consent to receive these calls, which were made by Defendant in an effort to promote its business.

13. The unsolicited phone calls were placed to Mr. McKevitz's cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

14. "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

15. "The term 'telephone soliciation' means the initiation of a telephone call or message for the purpose of encouraging the or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227(a)(4).

16. The telephone numbers to which the Defendant, or its agents, placed the robocalls were assigned to cellular telephone services pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

4

17. Mr. McKevitz did not provide the Defendant or its agents express consent to receive unsolicited robocalls pursuant to 47 U.S.C. § 227(b)(1)(B).

18. The calls by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

19. Each such robocall was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or a system that otherwise qualified as an automatic telephone dialing system under the TCPA. By using such equipment, Defendant were able to effectively place thousands of robocalls to thousands of wireless phone numbers of consumers without human intervention. These calls were made without prior consent of Mr. McKevitz.

20. The foregoing acts and omissions of Defendant and its agents violated 47 U.S.C. § 227 *et seq.*

21. As a result of the violations of 47 U.S.C. § 227 *et seq.*, Mr. McKevitz is entitled to an award of $500.00 in statutory damages for each violation pursuant to 47 U.S.C. § 227(b)(3)(B).

22. Upon information and belief, Defendant' violations of TCPA were willful and/or knowing. Accordingly, should the Court find that the violations were willful rather than negligent, Mr. McKevitz is entitled to have the

award increased to an amount not more than three (3) times the $500.00 liquidated damages amount, or $1,500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B and C).

**<u>Violations of Telephone Consumer Protection Act based on Subscriber Privacy Rights</u>**

23. TCPA provides additional statutory damages based upon subscriber privacy rights pursuant to 47 U.S.C. § 227(c).

24. During the early 1990's, Congress passed the TCPA that set up a national database to list telephone numbers that did not want to receive solicitation calls pursuant to 47 U.S.C. § 227(c)(3). As discussed *supra*, Mr. McKevitz registered his cell number on the National Do-Not-Call list years before he received the first solicitation call from the Defendant.

25. Defendant ignored the readily available National Do-Not-Call list and proceeded to solicit Mr. McKevitz on 7 separate occasions.

26. On or about May 20, 2014, Mr. McKevitz received an unsolicited telephone call from Defendant to his wireless telephone in Tennessee. Mr. McKevitz has previously registered his cellular telephone number ending in -5310 on the National Do-Not-Call List in order to eliminate telemarketing calls.

27. Mr. McKevitz received six (6) additional calls from Defendant and/or its agents on February 6, 2015, April 22, 2015, October 2, 2015, July 6, 2016, March 2, 2017 and October 2, 2017.

28. The recipient of a telemarketing call, regardless of the call being a robocall or placed an actual person, has a private right of action when more than one telephone solicitation occurs within any 12-month period pursuant to 47 U.S.C. 227(c)(5). This action is independent of the abovementioned auto-dialer and provides additional damages.

29. Here, the Defendant, or its agents, initiated telephone solicitation on 7 separate occasions from May 20, 2014 to October 2, 2017. The time between the numerous solicitations was less than 12 months. Therefore, Defendant violated the Act on 7 separate occasions.

30. A defense to this particular private right of action is for the telemarketer to establish and implement, "with due care, reasonable practices and procedures to effectively prevent telephone solicitations" pursuant to 47 U.S.C. 227(c)(5)(C). Typically, reasonable practices include the solicitor developing a do-not-call list for live callers.

31. Defendant does not have a do-not-call list for telemarketing purposes.

32. In addition, Defendant does not utilize any other reasonable practices for to eliminate violations of the TCPA.

33. Mr. McKevitz, personally and through counsel, asked the Defendant on several occasions, without success, to provide documentation of their telephone solicitation practices and procedures.

34. The damages are $500.00 for each illegal call pursuant to 47 U.S.C. 227(c)(5)(B). The court may treble the damages up to $1,500.00 for willful and knowing violations which, in light of the abovementioned, the Defendant are certainly performing willful and knowing violations of Mr. McKevitz's privacy rights. Therefore, the Court should treble the damages for each illegal solicitation pursuant to 47 U.S.C. 227(c)(5)(C).

PREMISES CONSIDERED, Plaintiff Andrew McKevitz demands this Honorable Court to award:

35. Damages of $10,500.00 based upon use of an automatic telephone dialing system.

36. Damages of $10,500.00 based upon violations of subscriber privacy rights.

37. Damages for all violations total $21,000.00.

38. Pre-judgment and post-judgment interest.

39. Court costs and other litigation expenses.

40. Plaintiff request further and general relief in law and equity that the Court deems appropriate.

Respectfully submitted this 8th day of August, 2018.

*Stephen H. Byrd* (signature)
Stephen H. Byrd (BPR #030014)
9051 Executive Park Drive, Suite 200
Knoxville, TN 37923
865-250-1968
BunkyByrd@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been properly served via CM/ECF system, U.S. Mail, postage prepaid, e-mail, or hand delivered upon the following:

James H. Snyder, Jr. (BPR # 013422)
345 South Hall Road
Alcoa, Tennessee 37701

This the 8th day of August, 2018.

*Stephen H. Byrd* (signature)
Stephen H. Byrd