IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ANDREW McKEVITZ, )
　)
　Plaintiff, )
　)
v. ) Case No. 3:18-cv-00132
　)
SILVER CITY RESOURCES, INC. ) JURY DEMAND
　)
　Defendant. )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, Andrew McKevitz, through counsel, to file this response to Defendant's Motion to Dismiss, and states as follows:

### I. INTRODUCTION

1. Plaintiff Andrew McKevitz received numerous telephone solicitations on numerous occasions stating that the callers were Defendant Silver City Resources, Inc. The original Complaint, Amended Complaint and Second Amended Complaint factually alleged such calls with specific dates.

2. The abovementioned telephone calls received by Mr. McKevitz utilized electronic recordings. The complaints filed clearly alleged that Mr. McKevitz heard prerecorded voices.

1

3. The abovementioned complaints clearly stated that the legal basis for bringing this lawsuit were violations of the Telephone Consumer Protection Act ("TCPA") when applied to the abovementioned facts.

4. Defendant's Motion to Dismiss for failure to state a claim upon which relive can be granted is based upon the incorrect analysis that Plaintiff merely recited legal conclusions in the complaint. Thus, this Honorable Court should deny the Motion to Dismiss and require the Defendant to timely file an answer to the Second Amended Complaint.

## II. LEGAL STANDARDS

5. Plaintiff agrees with the legal standard enumerated in the Motion to Dismiss section **II. LEGAL STANDARDS A. Standard For Dismissal For Failure To State A Claim Upon Which Relief Can Be Granted**. Therefore, Plaintiff shall not state again.

6. Plaintiff disagrees with the legal standard that Defendant enumerated in section **II. LEGAL STANDARDS B. Standard For Dismissal For Failure To State A Claim Upon Which Relief Can Be Granted – Failure of the Plaintiff to Establish Standing.** The TCPA violations alleged by the Plaintiff do not require an actual injury-in-fact. The Plaintiff must merely prove elements enumerated in 47 U.S.C. § 227 *et seq.* in order to receive statutory damages.

7. *Spokeo vs. Robins*, 136 S.Ct. 1540 (2016) is inapplicable to the TCPA and this lawsuit. The case involved the Fair Credit Reporting Act of 1970, not the TCPA.

8. Therefore, this Honorable Court should not utilize any injury-in-fact standard in order to determine standing in this matter. The allegations of TCPA violations are sufficient for standing.

## III. ARGUMENT AND AUTHORITIES

### A. Defendant is incorrect in its allegations that McKevitz had not adequately pled a TCPA Claim with respect to "Robocalls."

9. Mr. McKevitz clearly stated in the Second Amended Complaint the factual basis for the TCPA violations.

10. Second Am. Compl. at 3 ¶ 11 states that "[o]n or about May 20, 2014, Mr. McKevitz received an unsolicited robocall from Defendant to his wireless telephone in Tennessee." In this paragraph, Mr. McKevitz is factually stating that he received his first telephone call from Defendant and that the telephone call received was a recorded message that's called a "robocall." The term "robocall" was defined in Second Am. Compl. at 2 ¶ 5.

11. Second Am. Compl. at 3 ¶ 12 listed 6 additional occasions that Mr. McKevitz received similar telephone calls from the Defendant.

3

12. Although paragraphs 11 and 12 did not specify that the calls were telephone solicitations, Mr. McKevitz cleared stated in Second Am. Compl. at 2 ¶ 6 that the calls received from the Defendant were for telemarketing.

13. Throughout the Second Amended Complaint, Mr. McKevitz also linked the factual basis with the TCPA in order to show the legal basis of violations by the Defendant. Therefore, this Honorable Court should deny the Motion to Dismiss because Mr. McKevitz adequately provided a factual basis to support the TCPA violation.

**B. Mr. McKevitz adequately pled the TCPA claim for additional damages based upon Subscriber Privacy Rights.**

14. Mr. McKevitz listed his telephone number on the National-Do-Not-Call list long before the Defendant made its first telemarketing call to his number on May 20, 2014.

15. Defendant had the opportunity to access the list in order to ensure that it does not to make telemarketing calls to listed numbers, including Mr. McKevitz.

16. Whether or not the Defendant either did not access the list or ignored Mr. McKevitz's listing on the National-Do-Not-Call list is of no consequence. The fact remains that the Defendant made numerous

4

telemarketing calls to Mr. McKevitz's telephone number in violation of the TCPA.

17. In addition, it can be reasonably inferred from the fact that the Defendant called Mr. McKevitz 7 times that the it obviously did not establish reasonable practices to prevent solicitation which is a defense under 47 U.S.C. § 227(c)(5)(C). What reasonable practices, in any, failed as evidenced by the 7 telemarketing calls received by Mr. McKevitz.

18. This Honorable Court should deny Defendant's Motion to Dismiss because Mr. McKevitz adequately pled to facts that support TCPA Subscriber Privacy Rights allegations.

## IV. THREATS OF RULE 11 SANCTIONS

19. Plaintiff's attorney Stephen H. Byrd has made efforts to rectify any and all concerns regarding the complaint brought forth by Defendant's attorney James H. Snyder, Jr. The complaint has been amended twice by the Plaintiff in order to avoid the Defendant filing a Motion to Dismiss.

20. Understandable, it is attorney Snyder's tactic to attempt to defeat the Plaintiff in this lawsuit as quickly as possible. As this Honorable Court

5

knows, a Motion to Dismiss is one of the tools availed to defense counsel pursuant to the Federal Rules of Civil Procedure.

21. It's the opinion of Plaintiff's counsel that upon reading the Second Amended Complaint and this Response to the Motion to Dismiss, this Honorable Court should deny the Motion to Dismiss; however, in no way should the Second Amended Complaint be considered frivolous, particularly when it lists numerous dates of telemarketing calls.

22. Attorney Byrd received the following email from attorney Snyder threatening to file a F.R.C.P. Rule 11 motion for sanctions if I did not dismiss this case (Exhibit 1). Obviously, this is a defense tactic of attorney Snyder in order to scare me into dismissing this lawsuit.

23. Attorney Byrd considers attorney Snyder's actions inappropriate and potentially a desperate attempt to have this case dismissed because attorney Snyder knows that his client is in fact in violation of the TCPA.

V. **CONCLUSION**

24. Mr. McKevitz has adequately provided facts in the Second Amended Complaint that the Defendant violated the TCPA in numerous ways and on numerous occasions.

6

25. In addition, the Second Amended Complaint is not remotely a violation of the standard set forth in F.R.C.P. 11 in any way. This Honorable Court should deny Defendant's Motion to Dismiss and require the Defendant to timely file an answer.

Respectfully submitted this 8th day of November, 2018.

*[signature]*

Stephen H. Byrd (BPR #030014)
9051 Executive Park Drive, Suite 200
Knoxville, TN 37923
865-250-1968
BunkyByrd@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been properly served via CM/ECF system, U.S. Mail, postage prepaid, e-mail, or hand delivered upon the following:

James H. Snyder, Jr. (BPR # 013422)
345 South Hall Road
Alcoa, Tennessee 37701

This the 8th day of November, 2018.

*[signature]*

Stephen H. Byrd



**Silver City**
1 message

*Exhibit 1*

**Jim Snyder** <snyder@lawpractice.net>  Tue, Nov 6, 2018 at 5:57 PM
To: "Stephen H. Bunky Byrd" <bunkybyrd@gmail.com>

Dear Stephen:

I wanted to give you and your client an opportunity to review the motion to dismiss which I filed last week before further correspondence.

Within the Memorandum in support of the Motion to Dismiss there are several reasons for the court to dismiss the case. Additionally, not only is the complaint defective, it is factually inaccurate. I have not even begun to establish this within the record but as we discussed, my client not only does not use an automatic dialing system, it has a very carefully maintained system designed to comply with all relevant laws.

Prior to preparing and filing a Rule 11 motion, and consistent with the advisory comments to the rule, I wanted to offer an opportunity for your client dismiss his action and to pay my fees and the court costs. Obviously, the legal expense of the Rule 11 motion will increase my fee and the court costs. This is not intended as a substitute for the filing of a formal motion but will allow your client to avoid the additional legal expense associated with the motion.

I anticipate it will be early next week before I will file the Rule 11 motion, though it is likely I will work on it this weekend. Obviously, it will not be prosecuted for 21 days from filing.

If your client is unwilling to dismiss the case, I suggest we look at getting a hearing date as soon after the 21-day safe-harbor period as possible (realistically probably mid-January).

Sincerely,

Jim Snyder

Law Office of James H. Snyder, Jr.

345 South Hall Road

Alcoa, Tennessee 37701

(865) 981-4966

http://www.lawpractice.net