# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| ANDREW McKEVITZ, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:18-cv-00132 |
| SILVER CITY RESOURCES, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Andrew McKevitz brings this action against Silver City Resources Inc., alleging violations of the Telephone Consumer Protection Act (TCPA) resulting from the receipt of "robocalls" (calls using an automatic telephone-dialing system (ATDS) without prior express consent) to McKevitz's cellphone on seven occasions.

Silver City moves for dismissal for failure to state a claim upon which relief can be granted and failure to establish standing, stating that plaintiff has not alleged sufficient facts nor an injury in fact and lacks standing to pursue his claim.

Silver City's motion will be denied on both grounds because McKevitz has stated sufficient facts upon which relief can be granted, and he has established the necessary injury in fact requirements to confer Article III standing.

1

**I. Background**

On or about May 20, 2014, McKevitz received an unsolicited robocall from Silver City to his wireless telephone in Tennessee. McKevitz had previously registered his cellular telephone number on the National Do-Not-Call List. He received six (6) additional calls from Silver City. McKevitz did not provide consent to receive these calls. McKevitz alleges each robocall was made using equipment (ATDS) which had the capacity to store or produce telephone numbers using a random or sequential number generator; this allowed Silver City to make thousands of calls without human intervention and without prior consent. These calls were placed as part of a mass transmission of robocalls aimed at soliciting business from potential buyers.

A defense to this action exists when a telemarketer establishes and implements, with due care, reasonable practices and procedures to effectively prevent telephone solicitations. McKevitz asserts Silver City does not have any of the proper practices or procedures in place. McKevitz further alleges Silver City ignored the available National Do-Not-Call list and proceeded to call him to sell him flawed postage stamps. Silver City relies upon the theory that calls placed to McKevitz's cellular telephone were "business-to-business" telemarketing solicitations, as McKevitz's cellular number is listed on the internet as the contact for the Montvale Airpark. McKevitz seeks both statutory damages and enhanced statutory damages for each violation.

**II. Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), requires the court to construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether there is any set of facts plaintiff could prove which would entitle him to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.) cert. denied, 498

U.S. 867 (1990). A motion to dismiss must be denied where the plaintiff "pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Silver City also seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction based on the factual basis for the claim. Standing is essentially a question of "whether the litigant is entitled to have the court decide the merits of the dispute." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Under Article III, standing requires the following: plaintiff must have suffered an injury in fact—an invasion of a legally protected interest that is "concrete and particularized", and the injury must be "fairly traceable to the challenged action of the defendant". *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). At the pleading stage, the plaintiff must clearly allege facts demonstrating each element required to establish standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).

### III. Analysis

*Statute of Limitations*

The statute of limitations for a TCPA claim is four years. 28 U.S.C § 1658(a); *Solis v. CitiMortgage, Inc.*, 700 Fed.Appx. 965 (11th Cir. 2017). The complaint was originally filed on October 3, 2018. ECF. 11. Pg. 10. As such, the alleged violation of TCPA on May 20, 2014 is not within the statute of limitations and is not actionable. The remaining six alleged violations fall within the statute of limitations and can proceed.

*12(b)(6) Motion: Failure to State a Claim Upon Which Relief can be Granted*

To state a claim under TCPA, it must be established that: (1) a call was placed to a cell or wireless phone, (2) by the use of any automatic dialing system and/or leaving an artificial or pre-

3

recorded message, (3) without prior consent of the recipient. 47 U.S.C. § 227(b)(1)(A). An automatic dialing system (ATDS), as defined in TCPA, is a device with "the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers." 47 U.S.C. § 227(a)(1).

Courts have held that a bare allegation that a defendant used an ATDS can be enough to survive a motion to dismiss. *Ready v. Synchrony Bank*, No. 2:17-cv-00424-JDL, 2018 WL 1701355 (D. Me. Apr. 6, 2018) at *5. *See, also: Hashw v. Dep't Stores Nat'l Bank*, 986 F.Supp.2d 1058, 1061 (D. Minn. 2013) (plaintiff "pled that an ATDS was used to make the calls to his cellular phone. As the Court must accept that allegation as true at this juncture, nothing more is required to state a claim for relief under TCPA.") The court further noted that although the plaintiff did not "detail whether a prerecorded message or human voice would respond when he answered . . . the number of calls and timing can imply defendant used an ATDS." *Id.* at *6. (quoting: *Hewitt v. Synchrony Bank*, No.17-00874-CV-W-ODS, 2017 WL 6349051 (W.D.Mo. Dec. 12, 2017)). A plaintiff "need not plead specific technical details regarding the use of an ATDS. Rather, a plaintiff must at least describe, in layman's terms, the facts surrounding the calls that make it plausible that the defendant was using an ATDS." *Id.* (quoting: *Snyder v. Perry*, No. 14-CV-2090(CBA)(RER), 2015 WL 1262591, at *8 (E.D.N.Y. Mar. 18, 2015)).

Here, McKevitz states a plausible claim under TCPA because he has alleged a set of facts demonstrating he received recorded "robocalls" without his prior consent. McKevitz alleges 7 specific dates on which he received telephone calls from Silver City. (see: ECF. 11. ¶ 11 and 12). He further alleges that these calls were recorded messages or "robocalls." ECF. 13. ¶ 10. In accordance with the caselaw stated above, McKevitz can survive a motion to dismiss simply by alleging use of an ATDS. Even assuming, *arguendo*, that more is required than the mere allegation

4

of use of an ATDS, the frequency in which Silver City contacted McKevitz (7 times) can imply the use of an ATDS. Given that McKevitz not only alleged that the calls he received were pre-recorded, but he has also detailed the frequency by which he received these calls, when taken as true, these allegations plausibly give rise to Silver City's use of an ATDS. Finally, McKevitz states very clearly that at no time did he provide Silver City with any form of consent to receive these calls. Accordingly, McKevitz has stated a sufficient factual basis upon which relief can be granted under the TCPA.

*12(b)(1) Motion: Article III Standing*

Silver City argues that McKevitz lacks standing to bring a claim, citing a district court decision, *Romero v. Dept. Stores N.A.*, 199 F.Supp.2d 1256 (S.D.Cal. 2016). However, the Ninth Circuit overruled the district court in *Romero* finding that, "the district court erred in concluding that Romero lacked standing under Article III . . . a violation of the TCPA is a concrete *de facto* injury." *Romero v. Department Stores National Bank*, 725 Fed.Appx. 537, at 539 (9th Cir. 2018) (quoting: *Van Patten v. Vertical Fitness Group*, LLC, 847 F.3d 1037, at 1043 (9th Cir. 2017)). Courts within the Sixth Circuit have closely adhered to this persuasive authority in finding that concrete harms include: depleting minutes, depleting cell phone battery and cost of electricity to recharge, invasion of privacy, intrusion upon capacity of cell phone, wasting time, and causing risk of personal injury due to distraction. *Ammons v. Ally Financial, Inc*., 326 F.Supp.3d 578, at 589 (quoting: *Mey v. Venture Data, LLC*, 245 F.Supp.3d 771, at 777 (N.D.W.Va.2017)). Courts have further added that harms are not limited to answered calls, and clearly contemplate reading texts, listening to voicemails, clearing call logs, recharging depleted power used by voicemails and missed calls, and the annoyance and intrusion of privacy associated even with missed calls and messages. *Id.*

Moreover, courts have consistently held that merely the receipt of phone calls in violation of TCPA, is a concrete injury sufficient to constitute standing. *See, e.g., Juarez v. Citibank, NA,* 2016 U.S. Dist. Lexis 118483, at *8, 2016 WL 4547914 (N.D. Cal. Sept. 1, 2016) ("Even a single phone call can cause lost time, annoyance, and frustration"); *Krakauer v. Dish Network, LLC*, 168 F.Supp.3d 843, 845 (M.D.N.C. 2016) ("[telemarketing calls in violations of TCPA] form concrete injuries because unwanted telemarketing calls are disruptive and annoying invasion of privacy."); *A.D. v. Credit One Bank, N.A.*, 2016 U.S. Dist. Lexis 110393, at *17—18, 2016 WL 4417077 (N.D. Il1. Aug. 19, 2016) (TCPA directly forbids activities that by their nature infringe the privacy-related interests that Congress has sought to protect, and therefore a violation of this substantive right is sufficient to constitute a concrete, de facto injury."); *Gibbs v. SolarCity Corp.*, 239 F.Supp.3d 391, 395—6 (D.Mass.2017) ("unsolicited telemarketing phone calls by their nature, invade the privacy and disturb the solitude of their recipients*."*); *Abante Rooter & Plumbing, Inc. v. Pivotal Payments Inc.*, No. 16-cv-05486-JCS, 2017 WL 733123, at *6 (N.D. Cal. Feb. 25, 4017) ("The vast majority of courts have concluded that the invasion of privacy, annoyance and wasted time associated with robocalls is sufficient to demonstrate concrete injury.").

It does not matter whether the call was answered to allege a violation of TCPA. "The intended recipient need not have answered the calls. The act of *placing* the calls triggers the statute." *Yount v. Midland Funding, LLC*, No. 2:14-CV-108, 2016 WL 554851, at *8 (E.D. Tenn. Feb. 10. 2016) (emphasis added); *See also, Bratcher v. Navient Solutions Inc.*, 249 F.Supp.3d 1283, 1286 (M.D. Fla. 2017) ("It is the mere act of placing the call that triggers the statute."); *Tillman v. Ally Fin. Inc.*, No. 2:16-cv-313-FTM-99CM, 2017 WL 1957014, at *7 (M.D. Fla. May 11, 2017) (finding that the "transmission of the unwanted call would notify plaintiff that Ally was attempting to contact him, which is an intrusion upon seclusion that is an injury intended to be

6

prevented by the statute."); *King v. Time Warner Cable*, 113 F.Supp.3d 718, 725 (S.D.N.Y. 2015) (holding that defendant "violated the statute each time it placed a call using ATDS without consent, regardless of whether the call was answered by a person, a machine, or not at all."). A violation of TCPA occurs once the "steps necessary to physically place the telephone call" are completed. *Bennett v. GoDaddy.com LLC*, No. CV-16-03908-PHX-ROS, 2019 WL 1552911 (D. Ariz. Apr. 8 2019). It does not depend on the contents of the call; in fact, it does not even require the call be answered. *Id.*

Here, McKevitz has pled sufficient facts to establish Article III standing because he has alleged that *multiple* unsolicited telemarketing calls were placed to his cellphone using an ATDS. ECF. 11. ¶ 12, 20. Even if McKevitz had only alleged receiving one phone call from Silver City using an ATDS in violation of the TCPA, it would still be enough to meet the injury in fact requirement. Although McKevitz has not alleged an injury such as depleted minutes or a depleted battery, he has alleged facts concerning the nature of the calls (unsolicited telemarketing calls), which reasonably falls within the category of contact the TCPA intended to prevent. As one lawmaker stated, "Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. at 384, 372. (2012) (quoting 137 Cong. Rec. 30,821—22 (1991)). McKevitz has pled a sufficient basis to establish standing under Article III.

*Business-to-Business Exception*

Silver City contends that even if McKevitz has pled sufficient facts to state a claim and establish standing that its contact falls under the business-to-business exception of the TCPA. Silver City asserts that the cellphone number contacted was listed as the primary contact for an

7

airport-related business. ECF. 12. Pg. 5. McKevitz asserts that in placing his cellphone number on the National-Do-Not-Call-List, he has the privacy right not to be solicited without consent.

Courts have held that under the proper reading of 47 U.S.C. § 227(b)(1)(B), "use of a cellular telephone line for business purposes has no impact on the applicability of the TCPA." *Bennett*, 2019 WL 1552911, at *10. The FCC clarified that the language "residential subscriber" is meant to "presume wireless subscribers who ask to be put on the national-do-not-call list to be residential subscribers." *Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991*, 68 FR 44144-01. Telemarketing calls to cellular telephone lines are prohibited in the absence of written consent, even if the cellular telephone lines were used for business. *Id*. at *11. Silver City has not alleged any basis as to why this interpretation should not be applied in the present case.

**IV. Conclusion**

This court finds that McKevitz has plead sufficient facts to plausibly state a claim upon which relief can be granted and to establish standing under Article III. Accordingly, the court **DENIES** Silver City's motion to dismiss on both grounds therefore stated.

*[signature]*
**CHIEF UNITED STATES DISTRICT JUDGE**