Silver City Resources, Inc.
Registered Agent, President, Secretary, Treasurer, and Director Terri L. Monteith
2950 S. Rancho Drive, Suite 204
Las Vegas, Nevada 89102

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED
2020 MAR -9 P 12: 41

U.S. DISTRICT COURT
EASTERN DIST. TENN.

_____ DEPT CLERK

| | |
|---|---|
| ANDREW MCKEVITZ, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:18-CV-132-PLR-HBG |
| SILVER CITY RESOURCES, INC., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Withdraw [Doc. 17], filed by Attorney James Snyder, Jr., defense counsel. The Motion states that Attorney Snyder has promptly and professionally represented Defendant, including notifying Defendant of the deadlines set out in the Court's Scheduling Order through Defendant's agent and officer, Terri Monteith. Attorney Snyder states that Terri Monteith has failed to communicate with him in a matter that allows him to continue to represent Defendant. The Motion explains that Defendant has failed to cooperate in counsel's representation and has failed to honor its contractual obligations. The Motion submits that extraordinary circumstances exist that require counsel's withdrawal in this matter. The Motion states that the trial is currently set for September 15, 2020, and Defendant has not responded to discovery requests. Further, the Motion states that despite counsel giving Defendant notice of his intent to withdraw, Defendant has not obtained substitute counsel. Finally, the Motion provides Defendant's telephone number and address and notice that Defendant was provided a copy of the Motion on February 5, 2020.

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

Further, with respect to corporations "that may only appear in court through counsel, the Court, absent extraordinary circumstances, shall not allow the attorney to withdraw until the client has obtained substitute counsel." *See* E.D. Tenn. L.R. 83.4(g).

The Court finds that the instant Motion complies with the Local Rules of this Court. Further, the Court finds extraordinary circumstances exist to allow Attorney Snyder's withdrawal. Here, Attorney Snyder has attempted to communicate with Defendant, but Defendant has failed to communicate with him in order to allow him to competently perform his duties in this case. Accordingly, the Motion to Withdraw [**Doc. 17**] is **GRANTED**. The Court expects Attorney Snyder to provide copies of any relevant documents to any future counsel for Defendant or directly to Defendant upon request. Otherwise, Attorney Snyder is hereby **RELIEVED** of his duties in this case.

2

Case 3:18-cv-00132-PLR-HBG   Document 18   Filed 02/25/20   Page 2 of 3   PageID #: 92
Case 3:18-cv-00132-PLR-HBG   Document 19   Filed 03/09/20   Page 3 of 5   PageID #: 96

Defendant is hereby **ADMONISHED** that it is **DEEMED** to proceeding pro se in this matter. Defendant is further **ADMONISHED** that corporations cannot appear in federal court except through a licensed attorney. *See In re Classicstar Mare Lease Litigation*, No. 5:07-cv-353, 2009 WL 1468594, at *1 (E.D. Ky. May 13, 2009) (noting that corporations, partnerships, and associations cannot appear in federal court except through a licensed attorney). Therefore, the potential consequences of not securing replacement counsel is that default and default judgment could be entered against Defendant. The Court highly encourages Defendant to promptly retain substitute counsel in this case. *See Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."). The Clerk is **DIRECTED** to mail Defendant a copy of the instant Memorandum and Order at the address provided in the Motion [**Doc. 17**] and to update CM/ECF accordingly.

**IT IS SO ORDERED.**

ENTER:

*(signature)* Bruce Guyton
United States Magistrate Judge

3

Case 3:18-cv-00132-PLR-HBG   Document 18   Filed 02/25/20   Page 3 of 3   PageID #: 93
Case 3:18-cv-00132-PLR-HBG   Document 19   Filed 03/09/20   Page 4 of 5   PageID #: 97

EASTERN DISTRICT OF TENNESSEE
OFFICE OF
CLERK, UNITED STATES DISTRICT COURT
800 MARKET ST., SUITE 130
KNOXVILLE, TENNESSEE 37902

OFFICIAL BUSINESS



**INSPECTED**

RECEIVED
MAR 09 2020
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

```
NIXIE          891    7E  1           2203/05/20
          RETURN TO SENDER
       NOT DELIVERABLE AS ADDRESSED
           UNABLE TO FORWARD
       BC: 37902230338      *2959-01919-25-46
```