UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| ANDREW McKEVITZ, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | No. 3:18-CV-132 |
| v. ) | |
| ) | Judge Collier |
| SILVER CITY RESOURCES, INC., ) | Magistrate Judge Guyton |
| ) | |
| *Defendant.* ) | |

## **O R D E R**

According to the Court's review of the docket, it has been over twenty-one days since Plaintiff moved for summary judgment (Doc. 20) and Defendant has not responded. *See* E.D. Tenn. L.R. 7.1(a). The Court is not free to grant summary judgment by default. Fed. R. Civ. P. 56, Advisory Committee Notes (2010). Instead, the Court could admit the facts asserted in the motion as uncontroverted, but Plaintiff's motion for summary judgment only avers "facts already in the record" (Doc. 20 at 1), whereas Rule 56 requires any party to support her assertions by "citing to particular parts in the record." Fed. R. Civ. P. 56(c)(1)(A). None of the types of evidence listed in Rule 56(c)(1)(A) are currently on the record. Federal Rule of Civil Procedure 55(a), however, provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Despite Defendant's failure to file a response, Plaintiff has yet to request that the Clerk enter default or move for a default judgment pursuant to Federal Rule of Civil Procedure 55.

Accordingly, Plaintiff is **ORDERED** to file on or before **December 4, 2020,** a response showing why his claims against Defendant should not be dismissed pursuant to Fed. R. Civ. P.

41(b) for failure to prosecute. Plaintiff is hereby put ON NOTICE that if he does not timely file a response showing good cause, his claims against Defendant may be dismissed.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**