# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| ANDREW McKEVITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-00132 |
| ) | |
| SILVER CITY RESOURCES, INC. ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## SUPPLEMENT TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Andrew McKevitz, through counsel, to file this supplement to his Motion for Summary Judgment, and states as follows:

1. Plaintiff Andrew McKevitz provides his Affidavit as proof to support his Motion for Summary Judgment.

2. Plaintiff Andrew McKevitz ("McKevitz") brought this Complaint for damages relating to violations of the Telephone Consumer Protection Act, 47 U.S.C § 227 *et seq.*, ("TCPA"), resulting from illegal actions of the Defendant, in negligently and/or willfully contacting Plaintiff through "robocalls" (calls using an automatic telephone-dialing system without prior express consent) and negligently and/or willfully contacting Plaintiff by means that violate of TCPA Subscriber Privacy Rights.

1

3. Silver City Resources Inc. ("Silver City") engaged in telemarketing utilizing robocalls and/or other forms of telephone solicitation that violated Mr. McKevitz's privacy rights pursuant to the TCPA.

**Violations of Telephone Consumer Protection Act based on Robocalls**

4. All previous paragraphs are incorporated herein by reference.

5. Defendant deliberately decided to engage in bulk marketing by using an automatic telephone-dialing system to place robocalls to potential customers.

6. Over the course of an extended period beginning no later than May of 2014, Defendant and its agents directed a mass transmission of robocalls to cell phones of persons they hoped were potential customers of Defendant' services.

7. On or about May 20, 2014, Mr. McKevitz received an unsolicited robocall from Defendant to his wireless telephone in Tennessee. Mr. McKevitz has previously registered his cellular telephone number ending in -5310 on the National Do-Not-Call List in order to eliminate telemarketing calls.

8. Mr. McKevitz received six (6) additional calls from Defendant and/or its agents on February 6, 2015, April 22, 2015, October 2, 2015, July 6, 2016, March 2, 2017 and October 2, 2017.

9. Plaintiff provided no consent to receive these calls, which were made by Defendant in an effort to promote its business.

10. The unsolicited phone calls were placed to Mr. McKevitz's cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

11. "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

12. "The term 'telephone soliciation' means the initiation of a telephone call or message for the purpose of encouraging the or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227(a)(4).

13. The telephone numbers to which the Defendant, or its agents, placed the robocalls were assigned to cellular telephone services pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

14. Mr. McKevitz did not provide the Defendant or its agents express consent to receive unsolicited robocalls pursuant to 47 U.S.C. § 227(b)(1)(B).

15. The calls by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

16. Each such robocall was made using equipment thatmhad the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or a system that otherwise qualified as an automatic telephone dialing system under the TCPA. These calls were made without prior consent of Mr. McKevitz.

17. The foregoing acts and omissions of Defendant and its agents violated 47 U.S.C. § 227 *et seq.*

18. As a result of the violations of 47 U.S.C. § 227 *et seq.*, Mr. McKevitz is entitled to an award of $500.00 in statutory damages for each violation pursuant to 47 U.S.C. § 227(b)(3)(B).

19. Defendant's violations of TCPA were willful and/or knowing. Accordingly, should the Court find that the violations were willful rather than negligent, Mr. McKevitz is entitled to have the award increased to an amount not more than three (3) times the $500.00 liquidated damages amount, or $1,500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B and C).

## Violations of Telephone Consumer Protection Act based on Subscriber Privacy Rights

20. All previous paragraphs are incorporated herein by reference.

21. TCPA provides additional statutory damages based upon subscriber privacy rights pursuant to 47 U.S.C. § 227(c).

22. During the early 1990's, Congress passed the TCPA that set up a national database to list telephone numbers that did not want to receive solicitation calls pursuant to 47 U.S.C. § 227(c)(3). As discussed *supra*, Mr. McKevitz registered his cell number on the National Do-Not-Call list years before he received the first solicitation call from the Defendant.

23. Defendant ignored the readily available National Do-Not-Call list and proceeded to solicit Mr. McKevitz on 7 separate occasions.

24. On or about May 20, 2014, Mr. McKevitz received an unsolicited telephone call from Defendant to his wireless telephone in Tennessee. Mr. McKevitz has previously registered his cellular telephone number ending in -5310 on the National Do-Not-Call List in order to eliminate telemarketing calls.

25. Mr. McKevitz received six (6) additional calls from Defendant and/or its agents on February 6, 2015, April 22, 2015, October 2, 2015, July 6, 2016, March 2, 2017 and October 2, 2017.

26. The recipient of a telemarketing call, regardless of the call being a robocall or placed an actual person, has a private right of action when more than one telephone solicitation occurs within any 12-month period pursuant to 47 U.S.C. 227(c)(5). This action is independent of the abovementioned auto-dialer and provides additional damages.

27. Here, the Defendant, or its agents, initiated telephone solicitation on 7 separate occasions from May 20, 2014 to October 2, 2017. The time between the numerous solicitations was less than 12 months. Therefore, Defendant violated the Act on 7 separate occasions.

28. Defendant apparently relies upon the theory that the calls placed to Mr. McKevitz's cellular telephone number were "business-to-business" telemarketing solicitation.

29. Mr. McKevitz's cellular telephone number is listed on the internet as the contact for the Montvale Airpark.

30. Mr. McKevitz's asserts that the calls from Defendant were not "business-to-business" telemarketing calls aimed toward selling goods or services to the Montvale Airpark.

31. On the contrary, Defendant was attempting to coerce Mr. McKevitz to purchase flawed postage stamps from Defendant for investment purposes. This is not a product or service normally purchased by an airport. As such, these telemarketing calls were directed toward Mr. McKevitz individually and cannot be categorized as "business-to-business" telemarketing calls under the TCPA.

32. In addition, Defendant is not registered as an exempt organization under the TCPA.

33. All for-profit organizations may register as an exempt organization if ALL telemarketing calls are "business-to-business" with the intent to solicit sales from the business.

34. In order for Defendant to even consider availing itself of the "business-to-business" exemption, Defendant must first register with the TCPA and also ONLY perform telemarketing with intent to solicit sales from businesses.

35. Even if Defendant was properly registered, Defendant did not solicit Montvale Airpark for goods and services that an airport would need for business purposes.

36. In addition, the telemarketer, when calling Mr. McKevitz's number, did not ask to speak to a representative of Montvale Airport.

37. A defense to this particular private right of action is for the telemarketer to establish and implement, "with due care, reasonable practices and procedures to effectively prevent telephone solicitations" pursuant to 47 U.S.C. 227(c)(5)(C).  Typically, reasonable practices include the solicitor developing a do-not-call list for live callers.

38. Defendant does not have a do-not-call list for telemarketing purposes.

39. In addition, Defendant does not utilize any other reasonable practices for to eliminate violations of the TCPA.

40. Mr. McKevitz, personally and through counsel, asked the Defendant on several occasions, without success, to provide documentation of their telephone solicitation practices and procedures.

41. The damages are $500.00 for each illegal call pursuant to 47 U.S.C. 227(c)(5)(B).  The court may treble the damages up to $1,500.00 for willful and knowing violations which, in light of the abovementioned, the Defendant are certainly performing willful and knowing violations of Mr. McKevitz's privacy rights.  Therefore, the Court should treble the damages for each illegal solicitation pursuant to 47 U.S.C. 227(c)(5)(C).

PREMISES CONSIDERED, Plaintiff Andrew McKevitz demands this Honorable Court to award:

42. Damages of $10,500.00 based upon use of an automatic telephone dialing system.

43. Damages of $10,500.00 based upon violations of subscriber privacy rights.

44. Damages for all violations total $21,000.00.

45. Pre-judgment and post-judgment interest.

46. Court costs and other litigation expenses.

Respectfully submitted this 17th day of December, 2020.

*Stephen H. Byrd*

Stephen H. Byrd (BPR #030014)
9051 Executive Park Drive, Suite 200
Knoxville, TN 37923
865-250-1968
BunkyByrd@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been properly served via CM/ECF system, U.S. Mail, postage prepaid, e-mail, or hand delivered upon the following:

Registered Agent, Terri L. Montheith
6370 W. Flamingo Road
Suite 5M
Las Vegas, Nevada 89103

Registered Agent, Terri L. Montheith
2950 S. Rancho Drive
Suite 204
Las Vegas, Nevada 89102

This the 17th day of December, 2020.

                                                                                              Stephen H. Byrd

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

ANDREW McKEVITZ, )
    Plaintiff, )
v. ) Case No. 3:18-cv-00132
SILVER CITY RESOURCES, INC. ) JURY DEMAND
    Defendant. )

## AFFIDAVIT OF ANDREW McKEVITZ

1. I am over 18 years old and of sound mind.

2. On or about May 20, 2014, I received an unsolicited robocall from Defendant to my wireless telephone in Tennessee. I have previously registered my cellular telephone number ending in -5310 on the National Do-Not-Call List in order to eliminate telemarketing calls.

3. I received six (6) additional calls from Defendant and/or its agents on February 6, 2015, April 22, 2015, October 2, 2015, July 6, 2016, March 2, 2017 and October 2, 2017.

4. I provided no consent to receive these calls, which were made by Defendant in an effort to promote its business.

5. The unsolicited phone calls by Defendant were to my cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

6. I did not provide the Defendant or its agents express consent to receive unsolicited robocalls pursuant to 47 U.S.C. § 227(b)(1)(B).

7. Defendant was attempting to coerce me to purchase flawed postage stamps from Defendant for investment purposes. This is not a product or service normally purchased by an airport. As such, these telemarketing calls were directed toward me individually.

8. Defendant is not registered as an exempt organization under the TCPA.

9. The representatives of Defendant, did not ask to speak to a representative of Montvale Airport.

10. Defendant has not provided a do-not-call list for telemarketing purposes.

11. Defendant has not provided proof of utilizing any other reasonable practices for to eliminate violations of the TCPA.

12. I, personally and through counsel, have asked the Defendant on several occasions, without success, to provide documentation of its telephone solicitation practices and procedures.

_____
Andrew McKevitz

STATE OF Tennessee
COUNTY OF Blount

Personally appeared the above-named Andrew McKevitz and acknowledged the foregoing to be his free act and deed, before me.

Sworn and subscribed before me, this the 17th day of December, 2020.

_____
NOTARY PUBLIC

My commission expires:
Feb. 28, 2024

[Notary Seal: AMY E. SPRINGER, STATE OF TENNESSEE NOTARY PUBLIC, BLOUNT COUNTY]