| | |
|---|---|
| ANDREW McKEVITZ, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 3:18-cv-132 |
| v. | ) |
| | ) Judge Atchley |
| SILVER CITY RESOURCES, INC., | ) |
| | ) Magistrate Judge Guyton |
| *Defendant*. | ) |

# MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Andrew McKevitz's Motion for Summary Judgment. [Doc. 20]. Defendant Silver City Resources, Inc. is not represented by counsel, and it has already been warned that corporations cannot proceed *pro se* in federal court. [Doc. 18]. To date, Silver City has not retained counsel, and therefore, it has not responded to McKevitz's Motion for Summary Judgment. McKevitz's motion is now ripe for review.

## I. BACKGROUND

McKevitz alleges Silver City called him seven times on his personal cellphone, and in these calls Silver City attempted to sell flawed postage stamps as an investment opportunity to McKevitz. [Doc. 30 at 11–12]. Silver City used a robotic or prerecorded voice on these calls. [*Id.* at 11]. McKevitz added his cellphone number on the National Do-Not-Call Registry before he was called by Silver City. [*Id.*] McKevitz further alleges that these calls violated the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. § 227.

## II. STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

When a motion for summary judgment is unopposed, a court cannot simply rule for the moving party. *See* Fed. R. Civ. P. 56, Advisory Committee Notes (2010). Instead, the Court "must . . . intelligently and carefully review the legitimacy of such an unresponded-to motion." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992). Any supported fact should be admitted as true, but the Court must carefully examine the record to determine if the fact is supported. *Id.* at 405–07. Furthermore, to support a motion for summary judgment, the moving party can produce evidence in a form that is non-admissible at trial (such as an affidavit), but the substance of the evidence must eventually be admissible. *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).

### III. DISCUSSION

The TCPA provides numerous protections to individuals, but only two are relevant here. The Act provides, "[i]t shall be unlawful for any person within the United States . . . to make any call . . . using any automatic telephone dialing system or an artificial or precorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The act also makes it illegal to use a phone call to advertise to an individual who has registered his residential number on the Do-Not-Call Registry. *Id.* § 227(c)(5)(B); 47 C.F.R. § 64.1200(c)(2).

These provisions do not have an intent requirement: a defendant is strictly liable for 500 dollars per violation. 47 U.S.C. §§ 227(c)(5)(B), 227(b)(3)(B). If a caller willfully violates these sections, the Court may, in its discretion, award up to treble damages. *Id.* §§ 227(b)(3); 227(c)(5).

In McKevitz's affidavit, he states that Silver City used an automatic telephone dialing system. [Doc. 30 at 11]. However, McKevitz never personally observed Silver City using an automatic telephone dialing system. Indeed, it seems this assertion is a mere guess. While it is probable a company who sends out mass solicitations uses one of these systems, a lay witness cannot testify to matters outside their personal knowledge. *See* Fed. R. Ev. 701. This is evidence that would be inadmissible at trial and therefore it cannot support a motion for summary judgment. *See Alexander*, 576 F.3d at 558.

However, McKevitz can still recover under § 227(b)(3)(B). Section 227(b)(3)(B) also prevents an individual from using an artificial or prerecorded voice. McKevitz states that these calls were "robocalls," and thus, Silver City used an artificial or prerecorded voice. [Doc. 30 at 12]. Because this fact is supported by admissible evidence, there is no genuine issue of material fact as to whether Silver City violated § 227(b)(3)(B). Therefore, McKevitz's Motion for Summary Judgment [Doc. 20] is **GRANTED IN PART**.

McKevitz has also presented enough evidence to succeed on his § 227(c)(5)(B) claim. He placed his number on the Do-Not-Call Registry before receiving the phone calls from Silver City. He states that he uses his phone for "residential" purposes, and that these calls were unsolicited advertisements. *See Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 655–57 (W.D. Tenn. 2020) (requiring a phone to be used for "residential" purposes to fall under this section.) These facts are supported and admissible, so there is no genuine issue of material fact as to whether Silver

City violated § 227(c)(5)(B).[1] Therefore, McKevitz motion for summary judgment [Doc. 20] is **GRANTED IN PART**.

McKevitz also requested that the Court award treble damages for each violation. The Court can award treble damages only if Silver City's violation of the TCPA was willful. 47 U.S.C. §§ 227(b)(3), 227(c)(5).[2] The statute does not define what the defendant needs to know for their action to be willful. For example, one could read the statute as providing treble damages if a defendant knowingly uses an automated voice, but unintentionally calls someone on the Do-Not-Call Registry. On the other hand, the individual may have to knowingly use an automatic voice to knowingly call someone on the Do-Not-Call Registry. *See Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015).

While the Sixth Circuit has not addressed this question, courts seem to agree with the latter reading. *See, e.g.*, *Id.*; *Robert W. Mauthe, M.D., P.C. v. MCMC LLC*, 387 F. Supp. 3d 551, 570 (E.D. Penn. 2019); *Becker Law Firm, LLC v. Costco Wholesale Corp.*, 2017 WL 6588974, at *8 (W.D. Mo. 2017). The former reading leaves almost no room for conduct that violates the TCPA and conduct where the Court can award treble damages. *See Lary*, 780 F.3d at 1107. Therefore, for McKevitz to prevail on his § 227(b)(3)(B) claim he must show that there is no genuine issue of material fact that: (1) Silver City intentionally used a robotic voice; (2) to make a call; and (3) it knew the call was made to a cellular phone. For the § 227(c)(5)(B) claim, the first two elements are the same, but McKevitz must prove that Silver City knew his number was residential and on the Do-Not-Call Registry.

---

[1] If a defendant violates two provisions of the TCPA on one phone call, it is liable for both. In other words, because Silver City violated two provisions on one call, it is liable for 1,000, not 500, dollars. *See Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011).

[2] While not exactly defined in the TCPA, "willfulness" generally means an "intentional violation of a known legal duty." *United States v. Pomponio*, 429 U.S. 10, 12 (1976) (quoting *United States v. Murdock*, 290 U.S. 389, 398 (1933)).

McKevitz does not present any evidence as to the intent or knowledge of Silver City. The complaint states the calls were intentional, but a motion for summary judgment must be supported by evidence. Fed. R. Civ. P. 56. The one supporting affidavit does not make any assertions about the intent of Silver City. Thus, summary judgment [Doc. 20] is **DENIED IN PART** as to whether McKevitz is owed treble damages.

### IV. CONCLUSION

In conclusion, McKevitz's Motion for Summary Judgment [Doc. 20] is **GRANTED IN PART**. There is no genuine issue of material fact that Silver City violated 47 U.S.C. §§ 227(b)(1)(A)(iii), 227(c)(5)(B), on each of the seven phone calls. McKevitz Motion for Summary Judgment is also **DENIED IN PART**. There is no evidence on the record that supports the finding that Silver City acted willfully, so the issue of damages could proceed to a jury in a typical case.

This case, however, is not a typical case. Silver City does not have counsel, and it cannot proceed *pro se*. [Doc. 18]. There will be no trial in this case. Therefore, if McKevitz wants to proceed, McKevitz is **ORDERED** to request that the Clerk enter a default on or before **February 5, 2021** pursuant to Federal Rule of Civil Procedure 55. McKevits is **ON NOTICE** that failure to do so may result in this claim being dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**SO ORDERED.**

*/s/ Charles E. Atchley Jr.*_____
**CHARLES E ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**