UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANDREW MCKEVITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:18-CV-132-CEA-HBG |
| | ) |
| SILVER CITY RESOURCES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 39] of the District Judge.

Now before the Court is Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55(b) [Doc. 38]. Plaintiff's Motion requests that the Court enter judgment in his favor in the amount of $7,000, plus costs, for Defendant's violations of the Telephone Consumer Protection Act. By way of background, the Court entered a show cause Order [Doc. 41], directing Defendant to appear before the undersigned on May 12, 2021, to show cause as to why a default judgment should not be entered against it. Attorney Stephen Byrd appeared on behalf of Plaintiff. No one appeared on behalf of Defendant. Accordingly, for the reasons stated below, the Court **RECOMMENDS** that Plaintiff's Motion [**Doc. 38**] be **GRANTED**. Specifically, the Court **RECOMMENDS** that a default judgment in the amount of $7,000 for statutory damages under the Telephone Consumer Protection Act ("TCPA") be entered in Plaintiff's favor and that Plaintiff be awarded costs for litigating this case.

1

**I.     BACKGROUND**

This case relates to Defendant's violations of the TCPA. Relevant to the instant issue, Defendant, a corporation, was originally represented by counsel. Plaintiff filed an Amended Complaint on October 3, 2018, and Defendant moved to dismiss. Defendant's motion to dismiss was denied on June 21, 2019. [Doc. 15]. On February 20, 2020, defense counsel moved to withdraw because Defendant's agent and officer failed to communicate with defense counsel. The Court granted the motion to withdraw but admonished Defendant that it could not proceed unless it retained counsel. *See* [Doc. 18]. The Court further warned Defendant of the potential consequences of not securing replacement counsel, such as entry of default and default judgment. [*Id.*]. Defendant did not retain substitute counsel and did not respond to the Amended Complaint.

On April 20, 2020, Plaintiff moved for summary judgment. Defendant did not respond. On January 15, 2021, the District Judge granted Plaintiff's motion for summary judgment in part. [Doc. 33]. Specifically, the District Judge found that in each of the seven (7) calls Defendant placed to Plaintiff, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), which prevents an individual from using an artificial or prerecorded voice. In addition, the Court found that Defendant violated 47 U.S.C. § 227(c)(5)(B) because Plaintiff placed his telephone number on the Do-Not-Call-Registry before receiving calls from Defendant. The District Judge declined to award treble damages because Plaintiff did not present any evidence as to Defendant's intent or knowledge. Finally, the District Judge ordered Plaintiff to request that the Clerk enter a default given that Defendant is unrepresented and cannot proceed pro se.

On March 17, 2021, Plaintiff moved for entry of default, which the Clerk entered on March 22, 2021. [Doc. 37]. After the Clerk entered the default, Plaintiff filed the instant Motion, requesting $7,000 statutory in damages, plus court costs. Specifically, Plaintiff states that

Defendant owes Plaintiff $500 per violation under 47 U.S.C. § 227(b)(3)(B) and $500 per violation under 42 U.S.C. § 227(c)(5)(B).

## II. ANALYSIS

The Court will first address Plaintiff's request for entry of default judgment and then turn to Plaintiff's request for damages.

### A. Entry of Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the Clerk's entry of default, a party may apply for default judgment, and the Court may conduct a hearing – if needed, to perform an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter – prior to entering default judgment. Fed. R. Civ. P. 55(b). Furthermore, "[o]nce the Clerk has entered a default against a defendant, the Court must treat all well-plead allegations in the Complaint as true." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief")).

In the present matter, there is no dispute that the Clerk has entered a default [Doc. 37] in accordance with Rule 55. In addition, the District Judge has already ruled that there are no genuine issues of material fact as to Defendant's violations pursuant to 47 U.S.C. §§ 227(b)(1)(A)(iii) and (c)(5)(B) with respect to each of the seven (7) telephone calls. Accordingly, the Court **FINDS** that based upon entry of default and the Memorandum Opinion and Order [Doc. 33] that Defendant violated the TCPA.

The Court will now turn to the specific amount of damages requested.

3

B.      **Damages**

To ascertain a sum of damages, Federal Rule of Civil Procedure 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *See Vesligaj v. Peterson*, 331 F. App'x 351, 354–55 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment."). Courts within the Sixth Circuit explain that an evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12-CV-962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012).

In the instant matter, the Court conducted a show cause hearing, but Defendant did not appear. Given that Defendant does not challenge the damages, and there is ample support for Plaintiff's requested amount, the Court **RECOMMENDS** that Plaintiff be awarded $7,000 in statutory damages, plus court costs. Specifically, the District Judge found, "There is no genuine issue of material fact that Silver City violated 47 U.S.C. §§ 227(b)(1)(A)(iii), 227(c)(5)(B) on each of the seven phone calls." [Doc. 33 at 5]. Further, as the District Judge noted, "If a defendant violates two provisions of the TCPA on one phone call, it is liable for both. In other words, because Silver City violated two provisions on one call, it is liable for 1,000, not 500 dollars." [Doc. 33 at 4] (citing *Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011). Accordingly, the Court recommends that Plaintiff be awarded $7,000 in statutory damages for Defendant's violations of the TCPA and costs of this action. *See* Fed. R. Civ. P. 54(d) (awarding costs to the prevailing party).

### III. CONCLUSION

Accordingly, for the reasons explained above, the undersigned **RECOMMENDS**[1] as follows:

1. The Motion for Entry of Default Judgement **[Doc. 38]** be **GRANTED**;

2. The Defendant be **ADJUDGED** as having violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227(b)(1)(A)(iii) and (c)(5)(B); and

3. Judgment in the total amount of $7,000, plus court costs, be awarded to Plaintiff.

The Clerk of Court is **DIRECTED** to send Defendant a copy of this Report and Recommendation.

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).